Stephen J. Peirano, Respondent, v. Augustus Sbarboro, Appellant.— In an action for an accounting, brought by a cotenant of real property against his cotenant, the defendant appeals from a judgment and a decision which confirmed the report of an Official Referee stating the account between the parties. Judgment modified upon the facts by striking out the first ordering paragraph; and by striking out the items in the second ordering paragraph under the heading " Charges against plaintiff " and substituting therefor the following:

| | |
|---|---|
| " Monies collected | $209,012.58 |
| Received from joint bank account | 10,795.09 |
| Miscellaneous debits | 2,490.10 |
| | $222,297.77 |
| Balance due plaintiff | 6,848.14 |
| Total | $229,145.91 "; |

and further modified by striking out the third ordering paragraph and substituting therefor the following " Ordered, Adjudged and Decreed, that the said sum due plaintiff amounting to $6,848.14 be abated by the sum of $73.56 to the sum of $6,774.58 and the said sum due defendant of $2,430.71 be abated by the sum of $73.56 to the sum of $2,357.15; and it is further"; and by striking out the figures and date in the fourth ordering paragraph and

substituting $6,774.58 for $7,389.92, and $2,357.15 for $2,167.41, and $9,131.73 for $9,557.33; and March 8, 1951, for November 21, 1949; and by striking out the last ordering paragraph and inserting in place thereof the following: "Ordered, Adjudged and Decreed, that the said report of Honorable J. Addison Young, Official Referee, dated September 13th, 1949, be and the same hereby is in all respects confirmed save as to the amounts heretofore changed." As so modified, the judgment is unanimously affirmed, with costs to appellant. Appeal from decision dismissed. No appeal lies therefrom. No errors of law appear in the rulings at the hearings or in the report. In view of the provisions of the interlocutory judgment, the Official Referee properly confined the accounting to the period of the cotenancy of these parties. However, the balance in the bank as of December 31, 1947, reflected $425.60, which is the difference between $790.96, the balance as of December 31, 1933, and established expenditures for 1933 of $351.55 and $13.81. The real balance of these cotenants on December 31, 1947, was $9,131.73. The amended account should have included $795.09 as an additional charge against the plaintiff. That sum was withdrawn in February, 1946. In the amended account, disbursements in that amount are not claimed to have been made by plaintiff in 1946. The proof would not warrant a finding that he had, in addition to the disbursements set forth in the account, made others totalling $795.09. Viewed in the light of the course of conduct of these parties, the fact that the defendant and his brother are attorneys, and that the brother was licensed to superintend building construction, the findings of the Official Referee in other respects were justified. However, since plaintiff was surcharged with substantial sums, costs should not have been imposed upon the defendant. Present — Carswell, Johnston, Wenzel and MacCrate, JJ.; Nolan, P. J., not voting. [See *post*, p. 769.]